UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------x
NITOR V. EGBARIN,

       Plaintiff,                        Index No. 3:18-cv-00917

   -against-                        REPLY AFFIRMATION
                                               OF ANDREW S.
HOFFMANN & ASSOCIATES and ANDREW S.  HOFFMANN
HOFFMANN,

       Defendants.
------------------------------------------------------------------x

      Andrew S. Hoffmann, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

      1.     I am a member of Hoffmann & Associates and also a named individual defendant in this action. I submit this affirmation in reply to plaintiff's opposition to defendants' motion to dismiss the complaint herein.

      2.     In our motion, defendants seek dismissal of plaintiff's claims for defamation, vexatious litigation and for infliction of emotional distress.

      3.     Defendants moved to dismiss plaintiff's complaint for defamation based on the longstanding doctrine that confers absolute immunity to submissions by an attorney in connection with judicial or administrative proceedings.

      4.     In his opposition, plaintiff now asserts that his defamation claims are not based on your affirmant's letter to Judge Shea of this Court or my subsequent letter to the Connecticut grievance committee. Rather, plaintiff now asserts that his defamation claim is predicated upon a November 9, 2017 email, which is appended to his complaint as Exhibit "1". A review of the email, which was authored not by your affirmant, but by an associate in my office named Clara Suh, demonstrates that there is nothing written therein which could

possibly be the basis of a defamation action. The email is simply a demand that plaintiff remit his former clients, now represented by my firm, proceeds from a settlement he negotiated on their behalf in 2016, and that if he failed to do so Judge Shea and the grievance committee would be informed.  There is nothing defamatory about that.

     5.     Moreover, plaintiff fails to append the attachments sent with the email to his complaint nor does he specifically identify the particular statements that he now claims are defamatory. As such, his defamation claim cannot survive a motion to dismiss.

     6.     As noted in our motion, plaintiff's vexatious litigation claims fail to set forth a valid cause of action against your affirmant or his law firm because plaintiff has failed to allege, nor can he, that defendants either filed or authored the grievance against him by his former clients.

     7.     This is distinctively different from case law cited by plaintiff which involve civil or criminal complaints filed by attorneys on behalf of a client. This did not occur here.

     8.     The grievance complaint at issue was filed by plaintiff's former clients without the use of an attorney, as is their right under Connecticut law. Plaintiff's suspicion that defendants were behind the filing or that they somehow convinced the clients to file a complaint against him are insufficient to set forth a valid cause of action for vexatious litigation.

     9.     Based on the foregoing, your affirmant respectfully requests the Court grant defendants' motion and dismiss the instant misguided complaint in its entirety.

Dated: New York, New York
       July 23, 2018

                                               **/s/ Andrew Hoffmann**
                                               **Andrew S. Hoffmann**